# EXHIBIT "A"

# EXHIBIT "A"

MICHAEL K. JEANES
Clerk of the Superior Court
By Sharon Szakacs, Deputy
Date 12/16/2013 Time 14:48:24
Description                    Amount
------ CASE# CV2013-016212 ------
CIVIL NEW COMPLAINT            319.00

TOTAL AMOUNT                   319.00
           Receipt# 23432127

 **Davis Miles**

**McGuire Gardner**
SOLUTIONS | RELATIONSHIPS

80 East Rio Salado Parkway, Suite 401
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
E-mail: efile.dockets@davismiles.com
Christopher J. Charles, SBN 023148
David W. Degnan, SBN 027422
*Attorneys for Plaintiffs*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

DONALD L. WARRING, JR. and
SUZANNE WARRING, husband and wife,

Plaintiffs,

vs.

GREEN TREE SERVICING, LLC, a
Delaware limited liability company;
E*TRADE FINANCIAL CORPORATE
SERVICES, INC., a Delaware corporation;
JOHN DOES and JANE DOES I-X; WHITE
PARTNERSHIPS I-X; BLACK
CORPORATIONS I-X; and RED LIMITED
LIABILITY COMPANIES I-X,

Defendants.

CASE NO. CV2013-016212

**VERIFIED COMPLAINT**

Plaintiffs Donald L. Warring and Suzanne Warring (the "**Warrings**"), for their Verified Complaint against Defendants Green Tree Servicing, LLC and E*Trade Financial Corporate Services, Inc. (collectively referred to hereinafter as the "**Lenders**"), hereby allege as follows:

Page |1

## NATURE OF MATTER, JURISDICTION & VENUE

1.     This is an action for declaratory and injunctive relief and damages due to the Lenders' wrongful credit reporting of the Warrings, and violations of the Fair Credit Reporting Act, under 15 U.S.C. § 1681, *et seq.* (the "**Act**").

2.     The Warrings seek to hold the Lenders accountable for their harmful acts and to enjoin the Lenders from continuing their false reporting, with regard to the Warrings.

3.     The Warrings are married.  Mr. Warring is a natural person that is domiciled in the County of Maricopa, State of Arizona.

4.     Mrs. Warring is a natural person that is domiciled in the County of Maricopa, State of Arizona.

5.     Upon information and belief, Defendant Green Tree Servicing, LLC ("**Green Tree**") is an Arizona limited liability company duly authorized to conduct, and is conducting business in the State of Arizona.

6.     Upon information and belief, Defendant E*Trade Financial Corporate Services, Inc. ("**E*Trade**") is a New York corporation duly authorized to conduct, and is conducting business in the State of Arizona.

7.     The Lenders have caused events to occur within the State of Arizona, out of which this cause of action arises, or generally conducted business in the State of Arizona, and therefore this Court has jurisdiction.

8.     This action involves the real property located at 2113 East Quartz Street, Mesa, Arizona 85213, and known as A.P.N. 141-02-033 (the "**Property**").  Thus, venue is proper.

## FACTUAL BACKGROUND

9.     The Act imposes duties upon furnishers of credit information to ensure the fair and accurate reporting of information to credit reporting agencies.

### The Warrings Obtain Two Purchase-Money Loans for the Purchase of the Property.

10.     In May 2006 the Warrings purchased the Property for approximately $589.000.

11.     The Property is a single-family residence situated on less than one acre of land, and the Warrings' occupied the property as their primary residence for approximately five years.

12.     The Warrings financed the purchase of the Property with two purchase-money loans from Countrywide Bank, N.A. ("**Countrywide**").

13.     The first-position mortgage from Countrywide had a principal balance of approximately $471,200 (the "**First Loan**").

14.     The second-position mortgage had an original principal balance of $58,900 (the "**Second Loan**").

15.     The Warrings contributed $58,900 towards the original purchase price of the Property.

16.     The Warrings refinanced the Second Loan in December 2006 to obtain a more favorable rate and term, and to defray the costs associated with the improvements made to the Property, by obtaining a new loan from Countrywide with a principal balance of $105,000 (the "**Loan**").  The Warrings did not obtain any cash back from the refinance.

17.    A portion of the funds from the Loan were used on improvements to the Property, including but not limited to: a remodel of the kitchen, replacement of the flooring & fixtures, plumbing & electrical (lighting), and doors.

18.    The First Loan was subsequently assigned to E*Trade.

19.    The Loan was subsequently assigned to Green Tree.

20.    The First Loan is a non-recourse loan, pursuant to A.R.S. §§ 33-814(g) and 33-729.

21.    The Loan is also a non-recourse loan, pursuant to A.R.S. §§ 33-814(g) and 33-729.

22.    Because the First Loan and the Loan are non-recourse secured only by the Property, the Warrings are not personally liable for the First Loan or the Loan. *See Baker v. Gardner; see also* Affidavit of William McCaffrey dated October 25, 2013 and attached at **Exhibit 1**.

### The Warrings Short Sell the Property

23.    This dispute arises, in part, due to E*Trade's interest as a Beneficiary under a certain Deed of Trust dated June 22, 2006, and recorded on June, 2006 at Document Number 2006-0862891, Records of Maricopa County, Arizona (the "**E*Trade DOT**"), and the supporting First Loan.

24.    This dispute arises, in part, due to Green Tree's interest as a Beneficiary under a certain Deed of Trust dated December 13, 2006, and recorded on January , 2007 at Document Number 2007-0007581, Records of Maricopa County, Arizona (the "**Green Tree DOT**"), and the supporting Loan.

25.    The First Loan and E*Trade DOT were secured by the Property.

26.    The Loan and Green Tree DOT were secured by the Property.

27.     E*Trade approved the short sale of the Property in approximately May 2012. *See* copy of Short Sale Approval Letter from E*Trade Financial Corporation dated May 23, 2012, attached hereto at **Exhibit 2.**

28.     In 2012 the Warrings decided to sell the Property.  Unfortunately, however, the Property's current fair market value was less than the combined total balance owing on the First Loan and the Loan.  As a result, the Warrings requested the Lenders to agree to a "short sale" of the Property.

29.     Green Tree approved the short sale of the Property in approximately May 2012. *See* copy of Short Sale Approval Letter from Green Tree Servicing, LLC dated May 28, 2012, attached hereto at **Exhibit 3**.

30.     As a result, the Lenders agreed to release the E*Trade DOT and the Green Tree DOT in connection with that short sale, and accept the proceeds from said sale as full satisfaction of the Warrings' obligations under the First Loan and the Loan. *See* **Exhibits 2 and 3.**

31.     Following the sale of the Property, the Lenders should have either: (1) reported the Current Status of the First Loan and the Loan as "Current; Paid or Paying as Agreed; or (2) requested the credit reporting agencies delete the credit line from the Warrings' credit reports.

32.     Instead, E*Trade inaccurately reported the Current Status of the First Loan as "90 days past due."

## E\*Trade Inaccurately Reports the Status of the Loan to the Credit Reporting Agencies.

33.  E\*Trade reported the following inaccurate, misleading, and derogatory Descriptions and Remarks concerning the Warrings to credit reporting agencies, Equifax, Transunion & Experian (the **"Credit Reporting Agencies"**):

    a)  "Account paid for less than full balance"

    b)  "Account paid after foreclosure started"

    c)  "90 days past due"

34.  It is not accurate for a lender (such as E\*Trade) to report any derogatory information to Credit Reporting Agencies, in the event of default by the borrower (such as the Warrings) of a <u>non-recourse</u> loan. *See* **Exhibit 1**.

35.  E\*Trade is aware that its statements and information to the Credit Reporting Agencies will be disseminated to other persons or parties who will be reviewing the information for the purpose of extending credit, insurance, or employment to the Warrings.

## Green Tree's Reporting of Inaccurate Statements to the Credit Reporting Agencies.

36.  Green Tree reported the following inaccurate, misleading, and derogatory Descriptions and Remarks concerning the Warrings to credit reporting agencies, Equifax, Transunion & Experian (the **"Credit Reporting Agencies"**):

    a)  "Account paid for less than full balance"

    b)  "30 days late – 1 time (Mar 2012)"

    c)  "60 days late – 1 time (Apr 2012)"

    d)  "90 days late – 1 time (May 2012)"

37.    It is not accurate for a lender (such as Green Tree) to report any derogatory information to Credit Reporting Agencies, in the event of default by the borrower (such as the Warrings) of a <u>non-recourse</u> loan. *See* **Exhibit 1**.

38.    Green Tree is aware that its statements and information to the Credit Reporting Agencies will be disseminated to other persons or parties who will be reviewing the information for the purpose of extending credit, insurance, or employment to the Warrings.

### The Warrings Dispute the Reporting of the First Loan and the Loan.

39.    The Warrings notified Equifax about the Lenders' reporting of inaccurate and/or false information to the Credit Reporting Agencies on June 17, 2013 (the "**First Dispute**"). *See* copy of correspondence from the Warrings to Equifax Information Services, LLC dated June 17, 2013, attached hereto at **Exhibit 4**.

40.    Unfortunately, even after being notified of the reporting errors, and following the passing of 30 days after the Warrings' submission of the First Dispute, E*Trade has refused to take necessary action to correct the inaccurate and derogatory statements about the Warrings and the First Loan.

41.    Furthermore, the investigation results from Equifax show that E*Trade has further inaccurately reported information about the Warrnings and the First Loan to the Credit Reporting Agencies, with the newly discovered notation of "Date of 1st Delinquency – 02/2012."

42.    Unfortunately, even after being notified of the reporting errors, and following the passing of 30 days after the Warrings' submission of the First Dispute, Green Tree refused to take necessary action to remove the status codes and dates that reference late

payments. *See* Equifax Investigation Results dated July 18, 2013, attached hereto at **Exhibit 5**.

43.     On July 3, 2013 the Warrings notified Equifax in writing, a second time, about the Lenders' inaccurate and/or false reporting to the Credit Reporting Agencies. *See* copy of correspondence from the Warrings to Equifax dated July 3, 2013 (the "**Second Dispute**"), attached hereto at **Exhibit 6**.

44.     The Lenders have still refused to respond to the First Dispute or the Second Dispute, or to take necessary action to correct all of the inaccurate and derogatory statements in the Warrings' credit report.

45.     The inaccurate and false reporting by the Lenders has significantly damaged the Warrings' personal and business reputations, and it has caused the Warrings financial harm.

46.     In approximately November 2013, the Warrings obtained an updated credit history report from Equifax, which confirms that the Lenders are still reporting this account inaccurately. *See* Credit Report Prepared for Donald L. Warring, Jr. dated November 17, 2013 (with redactions), and attached hereto at **Exhibit 7**.

47.     E*Trade  did not properly list the Warrings' account as disputed, nor did it, upon information and belief, provide supporting information to the Credit Reporting Agencies confirming that its furnished information was accurate and complete.

### COUNT ONE
### (Violation of the Fair Credit Reporting Act)

48.     The Warrings reallege and incorporate by reference as though fully set forth herein, all previous allegations contained in this Verified Complaint.

49.     Upon receiving notice of the Warrings' First Dispute, the Lenders failed to reasonably update all of their records in violation of the Fair Credit Reporting Act., 15 U.S.C. §1681s-2(b).

50.     The Lenders knowingly and intentionally failed to note that the Warrings dispute the Lenders' inaccurate report, in conscious disregard of the rights of the Warrings.

51.     The Lenders willfully and/or negligently violated the provisions of the Act.

52.     As a result of the Lenders' violations of the Act, the Warrings suffered actual damages in an amount to be determined by this Court at trial.

53.     Moreover, the Lenders failed to note that the above accounts are disputed.

54.     The Warrings are therefore entitled to recover the greater of actual or statutory damages, as well as punitive damages and attorneys' fees and costs. 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1681o.

## COUNT TWO
### (Breach of Contract)

55.     The Warrings reallege and incorporate by reference as though fully set forth herein, all previous allegations contained in this Verified Complaint.

56.     The Warrings and the Lenders successfully negotiated a short sale of the Property, and the Warrings paid the amount as agreed by the Lenders.

57.     The short sale of the Property occurred and the Lenders agreed to report  this matter to the Credit Reporting Agencies a certain way.

58.     The Lenders' failure to accurately report the First Loan and the Loan to the Credit Reporting Agencies constitutes a continued effort to collect a debt that the Lenders are not entitled to collect, and a breach of their short sale agreements with the Warrings.

59.     As a result of the Lenders' breaches of their respective contracts, the Warrings

have suffered damages in an amount to be determined by this Court at trial.

60.     As alleged above, the Warrings have made numerous demands to fix the wrongful credit reporting. However, the defendants refused.

61.     The Warrings are entitled to recover their damages in an amount proven at trial.

## COUNT THREE
### (Declaratory Judgment)

62.     The Warrings reallege and incorporate by reference as though fully set forth herein, all previous allegations contained in this Verified Complaint.

63.     There exists a real and justiciable controversy between the Warrings and the Lenders, with regard to the Lenders' rights, duties, liabilities, and responsibilities concerning, and in connection with the reporting of inaccurate information by the Lenders.

64.     It is in the best interest of the parties that this Court declare their respective rights, duties, liabilities, and responsibilities, with regard to the reporting of credit information.

65.     The Warrings are entitled to declaratory judgment, pursuant to the provisions of A.R.S. § 12-1831, *et seq.*, declaring that the Lenders improperly reported and are currently improperly reporting inaccurate information concerning the Warrings' credit history with the Lenders, to the Credit Reporting Agencies.

66.     The Warrings are further entitled to a declaratory judgment that the Landers request that the Credit Reporting Agencies (and any other known reporting agencies) report the First Loan and the Loan as "paid as agreed."

67.     Further, the Warrings are entitled to a declaratory judgment that the E*Trade request that the Credit Reporting Agencies delete any reference to "Account paid for less than full balance," "Account paid after foreclosure started," and/or "90 days past due."

68.     Further, the Warrings are entitled to a declaratory judgment that the Green Tree request that the Credit Reporting Agencies delete any reference to late payments, with regard to the Loan and the Warrings.

69.     In addition, the Warrings are entitled to their reasonable costs associated with seeking declaratory relief in accordance with A.R.S. § 12-1840.

WHEREFORE, the Warrings pray for relief against the Lenders, as follows:

a.     For a declaratory judgment in favor of the Warrings, as stated above, declaring that the Lenders request, within 30 days of the Court's Order, that the Credit Reporting Agencies report the First Loan and the E*Trade DOT, and the Loan and the Green Tree DOT, respectively, as "paid as agreed;"

b.     For a permanent injunction prohibiting the Lenders from requesting that the First Loan and the Loan be reported as anything other than "paid as agreed;"

c.     For a declaratory judgment in favor of the Warrings, as stated above, declaring that E*Trade request, within 30 days of the Court's Order, that the Credit Reporting Agencies delete any references to "Account paid for less than full balance," "Account paid after foreclosure started," and so on with regard to the First Loan;

d.     For a declaratory judgment in favor of the Warrings, as stated above, declaring that Green Tree request, within 30 days of the Court's Order, that the Credit Reporting Agencies delete any references to late payments with regard to the Loan;

e.     For compensatory, general, consequential, and restitution damages in an amount to be proven at trial;

f.  For an award of the Warrings' attorneys' fees and costs, pursuant to A.R.S. §§ 12-341 and 12-1480, 15 U.S.C. § 1681, and any other applicable statute, which amount in the event of default, shall be for no less than $5,000.00;

g.  For post-judgment interest at the maximum allowable rate; and

h.  For such other and further relief as the Court deems just and proper, to provide the Warrings with a complete remedy.

DATED this ____ day of December, 2013.

DAVIS MILES MCGUIRE GARDNER, PLLC

Christopher J. Charles
David W. Degnan
80 E. Rio Salado Parkway, Suite 401
Tempe, AZ 85281
*Attorneys for Plaintiffs*

## VERIFICATION

1.   I, Donald L. Warring, Jr., am one of the Plaintiffs in the foregoing action;

2.   I have read the foregoing Verified Complaint and know the contents thereof;

3.   The same is true of my own personal knowledge except as to those statements made upon information and belief, and as to those, I believe them to be true.

4.   I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _12TH_ day of December, 2013.


Donald L. Warring, Jr.

## VERIFICATION

1.  I, Suzanne Warring, am one of the Plaintiffs in the foregoing action;

2.  I have read the foregoing Verified Complaint and know the contents thereof;

3.  The same is true of my own personal knowledge except as to those statements made upon information and belief, and as to those, I believe them to be true.

4.  I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 12ᵗʰ day of December, 2013.


Suzanne Warring

**Exhibit 1**

AZCLDP #81339
Arizona Document Services
www.azdocumentservices.com

# AFFIDAVIT
# WILLIAM MCCAFFREY

I William McCaffrey, declare as follows:

I am over the age of 18 years and qualified to make this AFFIDAVIT. I am a resident of the State of Arizona and formulate this AFFIDAVIT based on my own personal knowledge. I have no direct or indirect interest in the outcome of the case at bar for which I offer my observations, analysis, opinions and testimony.

My experience in the Banking industry encompasses over 35 years employment for federally insured institutions including over ten years as Business Development Manager with Indy Mac Bank FSB, and currently Consultant for Housing Mortgage Consultants Inc. I have personal knowledge and experience to render opinions in Residential and Commercial Mortgage Banking.

I have been qualified to testify in Maricopa County Superior Court, United States Federal Court, Bankruptcy Court and numerous Civil and Criminal Courts including Nevada, California, Texas, and Arizona. In the past few years, I have served as Expert Witness in both civil and criminal cases. I have testified at trial in Superior Court Cases include *Johnston v. Southstar Funding LLC, Marshall and Isley Bank v. Izzo, Slikker v. Kondaur, Brokalakis v. National City Mortgage, and Wells Fargo Bank v. Dutson.* United States Bankruptcy Judges Markel and Reigle, Superior Court Judges' Staffel, Ronan, Garcia, and Budoff, and Commissioners' Davis, Ellis, and Hamner have all affirmed my testimony. By request I submit this affidavit to summarize customary banking practices regarding the reporting or non-reporting of negotiated non-recourse loans.

AZCLDP #81339
Arizona Document Services
www.azdocumentservices.com

Based on my 35 years in banking and business a non-recourse loan is a secured loan by a pledge of collateral, typically real property **for which the borrower is not personally liable.**

Again, according to normal customary banking business practice, in the event of default of a non-recourse loan, the lender or servicer do not report any late payments or other derogatory information to the credit reporting agencies.

Further, according to normal customary banking practice, even in the event of foreclosure, the lender or servicer do not report any reference to "foreclosure" to the credit reporting agencies if the loan is non-recourse.

When underwriting a non-recourse loan, because the lender's remedy is limited to its collateral, the amount of the debt is limited to a pre-determined loan-to-value ratio so that if the underwriter does his job correctly, the property itself provides "overcollateralization" of the loan.

All factual testimony or statements made in this AFFIDAVIT are true and correct based upon decades of relevant experience within the banking industry.

FURTHER AFFIANT SAYETH NAUGHT

_William McCaffrey_

SWORN TO AND SUBSCRIBED before me, the undersigned notary public this

_25_ Day of _October_ 2012 2013

Notary Public

My commission expires:
_10· 23· 15_

NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
**AARON ARGANDONA**
My Commission Expires October 23, 2015

AFFIDAVIT of William McCaffrey

2

Exhibit 2



**E✳TRADE**
**FINANCIAL**

PO Box 205
Waterloo, IA 50704-0205

May 23, 2012

Note: Please ensure the closing Agent is
provided with a copy of this letter

DONALD L WARRING and SUZANNE M WARRING
3511 E INDIGO CIR
MESA, AZ 85213-3577

> RE:   Account Number:   0359538144
>       Property Address:   2113 E QUARTZ ST
>                           MESA, AZ 85213-0000

Dear DONALD L WARRING and SUZANNE M WARRING:

This letter confirms our acceptance of the short payoff on the above-referenced property. We agree to accept the proceeds generated by the
$339,900.00 'as is condition' purchase as full and final satisfaction on the first mortgage indebtedness on the above-referenced property. This
agreement is subject to the following:

- **Net proceeds to be no less than $311,499.00.**
- *Any reduction in the approved closing costs must be added to the net proceeds.*
- SELLER TO NET ZERO.
- The following closing costs have been approved and should not exceed the given amount:

| | | |
|---|---|---|
| Amount to 2nd Lien | $7,500.00 | Payable to: Greentree |
| Settlement Fee | $800.00 | |
| Title Insurance | $1,836.00 | |
| Recording Fee | $155.00 | |
| Listing Broker Commission | $8,497.50 | Payable to: Keller Williams Realty East Valley |
| Selling Broker Commission | $8,497.50 | Payable to: Keller Williams Realty East Valley |
| Attorney Fee | $500.00 | |
| Septic | $615.00 | |

- **GMAC Mortgage, as loan servicer for this loan and in agreeing to the short payoff described herein, shall be entitled to the
  proceeds from any accruing claim, whether filed or not and from any source whatever, arising from the real property described
  in the mortgage and measured from the date of the mortgage to the date the property is deeded to a third party. This includes
  but is not limited to casualty insurance proceeds, eminent domain, mineral, gas or oil rights and similar real property benefits.
  This condition is in consideration for GMAC Mortgage accepting the short payoff and preempts any provision of the mortgage
  or note which may be interpreted to the contrary.**
- This transaction may not involve a third party who receives a deed prior to this closing or after this closing and before recording of the
  deed to the purchaser.
- **PROCEEDS MUST BE WIRED TO:**

> JP Morgan Chase Bank, N.A.
> ABA Routing Number 083000137
> Account #85070241

The E* TRADE FINANCIAL family of companies provides financial services that include trading, investing, banking, and lending.

Beneficiary: GMAC Mortgage

Wire transfers must:

- Be identified by a loan number.
- Be identified by the mortgagor's name.
- Include the payment amount plus an additional $5 wire fee.
- Be accompanied by a fax to the Payment Processing department at (866) 340-7535 listing multiple account numbers if multiple accounts are being paid with the wire.

- HUD-1 Settlement Statement MUST be faxed 48 hours before closing for approval. Please fax to (866)709-4744 and to CANDACE WILLIAMS at 866-921-9018.
- We will prepare a release of lien and send to the title company for recording.
- Escrow to close on or before June 06, 2012
- All escrow surplus and credits MUST be added to the net proceeds.
- The HUD 1 Settlement Statement must be signed by buyers, sellers and settlement agent.

**\* A copy of proceeds check or bank wire, HUD1 Settlement Statement, this short sale letter, and any applicable promissory notes must be FAXED to our office at (866) 487-9023 and to CANDACE WILLIAMS at 866-921-9018 within 24 hours of closing. Any delay in the receipt of the documents will result in $100 fee per day along with the per diem interest of $39.25 each day. Any extension of the closing date will require prior approval.**

**If any of the above demands are not met the Net Proceeds will not be accepted and the satisfaction will be delayed at your expense.**

The release of the lien will be sent to the name and address of the title company you have provided and that will conduct the closing of the sale of the property. Please note that the release of the lien will not be sent out until the above proceeds are received. It will then be the title company's responsibility to ensure proper recording of the release of the lien.

**A "Short" or "Negotiated" Payoff of your mortgage loan may have tax consequences. To determine if or to what extent you have any tax liability, you are encouraged to contact a tax professional.**

If you have any questions feel free to contact us directly BETWEEN THE HOURS OF 9 A.M. AND 6 P.M. (EST) at (800) 850-4622 or by fax at (866) 709-4744.

Sincerely,

Loss Mitigation Department
Loan Servicing

Notice: Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

The E\* TRADE FINANCIAL family of companies provides financial services that include trading, investing, banking, and lending

*Exhibit 3*

Date: 5/28/2012  Time: 10:09 AM  To: 9733-3748                                    48
0-333-6000            Page: 001

# green tree

May 28, 2012

P.O. Box 6172
Rapid City, SD  57709-6172

Donald L Warring
Suzanne M Warring
3511 E Indigo Cir
Mesa, AZ 85213
11200

RE:      Our Account # 68030689
         Prop. Address: 2113 E QUARTZ ST,
                MESA, AZ 85213
         Settlement in Full

Dear Donald L Warring and Suzanne M Warring:

The current payoff on your above-referenced account is **$105,000**.  Please be advised that Green Tree Servicing LLC[1]
("Green Tree") will accept **$7,500.00** as settlement in full on the account.  Any funds in your escrow account will be
applied to your remaining loan balance.  Upon receipt and verification of good funds, Green Tree will release the deed of
trust/mortgage and the Note will be settled in full.

*This offer is expressly conditioned upon Green Tree's receipt of the funds by 6/28/2012.*

If this offer is based upon a cash settlement, please assure good funds are received by Green Tree by 6/28/2012.  You may
use the wiring instructions referenced below to send your settlement funds.

If this offer is conditioned upon the sale or refinance of the collateral securing the above-referenced account, Green Tree
must receive all available funds from the sale or the closing of the new loan, not to exceed the full payoff amount of the
existing loan.  You have represented to Green Tree that there are no additional funds available from the sale or refinance of
the property and that you shall receive no funds, either directly or indirectly, from the sale or the closing of the new loan.
If any additional funds become available, you must instruct the title company to disburse the funds to Green Tree.

**A copy of the final HUD-1 or settlement statement and tracking information must be faxed to me at the time of
closing to adam.e.rideau@gt-cs.com / 877-612-2422.**

On the date of closing, please direct the title company to remit the above-referenced amount by wire transfer using the
following instructions:

          Wiring Instructions:
          ABA:              026009593
          Account:          1257813511
          Account Name:     Green Tree Servicing LLC
          Bank Name:        Bank of America
          Bank Address:     150 Broadway Avenue
          Bank City:        New York
          Bank State:       NY
          Bank Zip:         10038

**Account #: 68030689**
**Please include the above-referenced account number with your payment.**

After we receive your settlement amount, we will consider your loan paid in full.  We will report your loan to the major
consumer reporting agencies as "[a]ccount paid in full for less than the full balance[2]."  In addition, we are required by law
to report the amount of the debt that is forgiven to the Internal Revenue Service (IRS).

---

[1] Green Tree Servicing LLC and related entities, including, for certain loans, in Alabama, Green Tree-AL LLC; in Minnesota, Green Tree Loan Company;
and in Pennsylvania, Green Tree Consumer Discount Company.

[2] This description may vary by consumer reporting agency.

SIF – Junior Lien Loss Mit 12/30/2010                                            LTR-206

Date: 5/28/2012   Time: 10:09 AM   To: 9733-3748   Filed 01/17/14   Page 24 of 41
Case 2:14-cv-00098-DLR   Document 1-1
0-333-6000          Page: 002

48

If you have any questions, please call me at 1-877-816-9125 Ext.35375.  Thank you for your assistance.

Sincerely,

Adam Rideau
Green Tree

cc:  Christopher Charles 480-733-3748 via facsimile

This communication is from a debt collector.  It is an attempt to collect a debt, and any information obtained will be used for that purpose.

EXHIBIT B

## UNSECURED PROMISSORY NOTE

THIS PROMISSORY NOTE ("Note) is made on *May 5th, 2012*. FOR VALUE RECEIVED, and intending to be legally bound. the undersigned individual(s) (the "Obligor(s)") promise(s) to pay to the **Old Republic Insurance Company**, anyone who takes this Note by transfer, including successors and/or assigns (the "Obligee"), the principal sum of *Eight Thousand four hundred dollars and Zero Cents* (U.S. $8,400.00.)

(A) Amount of Monthly Payments
Beginning on *08/01/2012* my monthly payment will be in the amount of U.S. *$140.00* in 60 equal monthly installments.

The first installment is due on the first day of August 1st, *2012* and subsequent payments are due and payable on the last day of each month thereafter until the principal sum outstanding and any late charges or other amounts due and owing under this Note are paid in full. If on August 1", *2012*, the Obligor(s) owe amounts under this note, the Obligor(s) will pay those amounts, in full, on that date.

Obligor will make monthly installments payable to **Old Republic Insurance Company** and deliver them to:

**Old Republic Insurance Company**
307 North Michigan Avenue
Chicago, Illinois 60601-5382
(800) 621-7873

Or to such other servicer or such other address as Obligee may hereafter designate in writing to Obligor.

Obligor may prepay the unpaid indebtedness hereof at any time in whole or in part without prepayment charge or premium. Obligee will apply partial prepayments to the principal; partial prepayments will not affect the amount or due date of monthly installments, except that the final payment date will occur earlier and the final installment may be smaller than scheduled.

Failure of the Obligor to pay any installment on or before the first day of the month in which it is due means that the Obligor is in default under this Note.

In the event the Obligor fails to make payment of any installment due hereunder by the fifteenth day of the month in which it is due, Obligor agrees to pay a late fee on such installment in the amount of *five percent (5%)* of the regular payment, to the extent not prohibited by applicable law. Installment payments will be applied first to the longest outstanding installment.

In the event the Obligor fails to make payment of any installment due hereunder by the thirtieth day of any month, the entire unpaid balance of this Note plus any unpaid late fees and other sums due hereunder shall at the option of the Obligee become due and payable immediately. The Obligee may exercise this option to accelerate regardless of any prior forbearance, and shall not by any act of omission or commission be deemed to have waived any of its rights or remedies hereunder unless such waiver be in writing and signed by Obligee.

The Obligor consents to the Obligee commencing action on this Note at any time after acceleration in the State of Arizona, and the Obligor expressly agrees to be bound by the jurisdiction of the appropriate court in the State. In the event the Obligee takes action to collect any sums owing hereunder, the Obligee may also recover from the Obligor all costs of such action, including costs of suit and other expenses in connection therewith, and including attorney's fees for collection, to the extent not prohibited by applicable law. Attorney's fees shall be a reasonable amount not to exceed the maximum amount permissible by state law.

The Obligor hereby waives presentment for payment, protest, demand and notice of nonpayment, and agrees that, without affecting Obligor's liability, the Obligee may, without notice, renew or extend the time for payment, or accept partial payments.

SIF – Junior Lien Loss Mit 12/30/2010                                   LTR-206

This Note shall be the joint and several obligations of all makers, sureties, guarantors and endorsers and shall be binding on them and their successors and assigns. When the context requires, singular nouns and pronouns include the plural.

Unless applicable law requires a different method, any notice to Obligor shall be given by mailing such notice by first class mail addressed to Obligor at the address stated below or to such other address as Obligor may designate by written notice to the address to which payments are made. Obligor shall give such notice within 30 days of any change of address.

In the event any one or more of the provisions contained in this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall be construed as if such invalid, illegal or unenforceable provision(s) had never been contained herein.

This Note and the obligations of the undersigned shall be governed by the laws of the State.

Obligor: ................................................    ..................................    [WARRING
              DONALD L]                    [signature]

Obligor's social security number: 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

Obligor: ................................................    ..................................    [WARRING
              SUZANNE M]                   [signature]

Obligor's social security number: 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

Obligor's phone: 480-393-3107            480-393-3107
              [day]                      [evening]
Obligor's mailing address:

3511 E INDIGO CIR
MESA AZ 85213

Subscribed and sworn to before me this ................. day of ..........................., 2012.

.........................................................    ......................................
Notary Public                                My Commission Expires

Lender name:                                    Lender  loan  number:
0000000000
                                                *(page 2 of 2 pages)*

# Exhibit 4

June 17, 2013

Equifax Information Services, LLC
P.O. Box 740256
Atlanta, GA 30374

Dear Equifax Information Services:

This letter is to dispute inaccurate information on my credit report, which I obtained via Fair Isaac on June 10th, 2013. Please refer to the enclosures.

Green Tree  Account# 68030689

1. I dispute having any late payments.  The report inaccurately states 30, 60 and 90 day late payments in March, April, and May 2012, respectively.
2. I dispute the comment in the Description section, which state: "Account paid for less than full balance."

E-Trade  Account# 0359538144

1. I dispute the account status, which is reported as "90 Days Past Due."
2. I dispute having any late payments.
3. I dispute the comments in the Description section, which state: "Account paid for less than full balance" and "Account paid after foreclosure started"

Please have these items removed from my report at your earliest possible convenience.

Sincerely,

Donald L Warring Jr.
3511 East Indigo Circle
Mesa, AZ  85213

**Green Tree**

| | |
|---|---|
| Status as of | May, 2013 |
| Date opened | Dec. 2006 |
| Date of last activity | Feb, 2012 |
| Largest past balance | $105,000 |
| Account Type | Installment |
| Account holder | Joint |
| Scheduled Payment Amount | $667 |
| Industry | Mortgage Companies |

**Descriptions**

Account paid for less than full balance

Closed or paid account / zero balance

No contact information provided by Equifax

| Balance | Current Status |
|---|---|
| $0 | **Pays account as agreed** |

**Seven year payment history**

| 30 days late | 1 time (Mar 2012) |
|---|---|
| 60 days late | 1 time (Apr 2012) |
| 90+ days late | 1 time (May 2012) |

**Recent payment history**



| 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2011 | | | | | | | | | | | 2012 | | | | | | | 2013 | |

Legend: ▨ Currently paid as agreed

▨ 30 days late          ▨ 60 days late          ▨ 90 days late

**Worst Delinquency**

| 90 days past due |
|---|

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score

May, 2013

**E*Trade**

| | |
|---|---|
| Status as of | May, 2013 |
| Date opened | Jun, 2006 |
| Date of last activity | Feb, 2012 |
| Account number | XXXXX8144 |
| Largest past balance | $471,200 |
| Account Type | Installment |
| Account holder | Joint |
| Scheduled Payment Amount | $0 |
| Industry | Mortgage Companies |

| Balance | Current Status |
|---|---|
| $0 | 90 days past due |

Seven year payment history

| | |
|---|---|
| 30 days late | 0 times |
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Descriptions**

Account paid for less than full balance
Account paid after foreclosure started

No contact information provided by Equifax

**Worst Delinquency**

None Reported

The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score

# Exhibit 5

**EQUIFAX**

**CREDIT FILE : July 18, 2013**
**Confirmation # 3190039980**

P. O. Box 105518
Atlanta, GA 30348

Dear Donald L Warring:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

### Credit Account Information

*(For your security, the last 4 digits of account number(s) have been replaced by "?")*
*This section includes open and closed accounts reported by credit grantors*

| Account History | | |
|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

**Status Code**

**Descriptions**

>>> We have researched the credit account. Account # - 6803* The results are: This creditor has verified to OUR company that the prior paying history is being reported correctly. This creditor has verified to OUR company that the current status is being reported correctly. The disputed information has been verified and/or updated. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: Green Tree, PO Box 6172, Rapid City SD 57709-6172 Phone: (855) 812-1402

**Green Tree,** PO Box 6172 Rapid City SD 57709-6172 (855) 812-1402

Account Number: **6803***

| Items As of Date Reported | Balance Amount | Date Opened | High Credit | Credit Limit | Scheduled Payment Amount | Terms Duration | Date of 1st Delinquency | Terms Frequency | Date of Last Activity | Date Maj. Del 1st Rptd | Months Revd Activity Designator | Creditor Classification | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/18/2013 | $0 | 12/18/2006 | $105,000 | $0 | $667 | 25Y | | Monthly | 02/2012 | 02/2012 | 13 | Paid and Closed | | 05/2012 |

| Amount Past Due | Date of Last Payment | Actual Payment Amount | Charge Off Amount | Deferred Pay Start Date | Balloon Amount |
|---|---|---|---|---|---|
| $0 | 05/2012 | -0 | $0 | | $0 |

Status - Pays As Agreed; Type of Account - Mortgage; Type of Loan - Second Mortgage; Whose Account - Joint Account; ADDITIONAL INFORMATION - Account Paid For Less Than Full Balance; Closed or Paid Account/Zero Balance; Second Mortgage; Fixed Rate;

| Account History with Status Codes | 06/2012 | 04/2012 | 03/2012 | | |
|---|---|---|---|---|---|
| | 3 | 2 | 1 | | |

001446493-5582
Donald L Warring
3511 E Indigo Cir
Mesa, AZ 85213-3277

005582

( Continued On Next Page )

3190039980APPLADM-001446493-5582 - 7147 - A

>>> **We have researched the credit account.** *Account # -35953*. **The results are:** This creditor has verified to OUR company that the current status is being reported correctly. The prior paying history on this account has been updated. We have verified that this item has been reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **E'trade, PO Box 205, Waterloo IA 50704-0205 Phone: (866) 344-0552**

*E'trade - PO Box 205 Waterloo IA 50704-0205 : (866) 344-0552*

| Account Number | | | Date Opened | High Crdt | | Credit Limit | | Terms Duration | Terms Frequency | | | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 35953 | | | 06/18/2006 | $471,200 | | $0 | | | Monthly | | | 9 | | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del 1st Paid | Charge Off Amount | | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed | |
| 07/18/2013 | $0 | $0 | 12/2011 | $0 | | $0 | 02/2012 | 02/2012 | | $0 | | | $0 | | 05/2012 | |

Status: 90 - 119 Days Past Due; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Joint Account;   ADDITIONAL INFORMATION - Account Paid For Less Than Full Balance; Account Paid After Foreclosure Started; Real Estate Mortgage; Conventional Mortgage;

## Notice to Consumers

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

( End Of Report )

3190039980APPLADM-001446493- 5582 - 7147 - A

# Exhibit 6

July 3, 2013

Equifax Information Services, LLC
P.O. Box 740256
Atlanta, GA 30374

Dear Equifax Information Services:

This letter is to dispute inaccurate information on my credit report, which I obtained via Fair Isaac on June 10th, 2013. Please refer to the enclosures.

Green Tree  Account# 68030689

1. I dispute having any late payments. The report inaccurately states 30, 60 and 90 day late payments in March, April, and May 2012, respectively.
2. I dispute the comment in the Description section, which state: "Account paid for less than full balance."

E-Trade  Account# 0359538144

1. I dispute the account status, which is reported as "90 Days Past Due."
2. I dispute having any late payments.
3. I dispute the comments in the Description section, which state: "Account paid for less than full balance" and "Account paid after foreclosure started"

Please have these items removed from my report at your earliest possible convenience.

Sincerely,

Donald L Warring Jr.
3511 East Indigo Circle
Mesa, AZ 85213

**Exhibit 7**

**myFICO**   Donald L Warring Jr  |  November 17, 2013  |  Equifax

## FICO® Score Summary

Your FICO® Score:

# 698

On November 17, 2013

myFICO provides your FICO® score and credit report as generated and reported by one of the three major credit bureaus. Below are factors in your credit report that are hurting or helping your score:

### Your FICO® Score is good



Your score is near the average score of U.S. consumers, and most lenders consider this a good score.

- FICO® Scores range between 300 and 850
- Higher scores are better scores
- The higher your score, the more favorably lenders look upon you as a credit risk

| FICO® score ingredients | How you rate |
|---|---|
| **Payment history** Your history of paying bills on time | Good |
| **Amount of debt** Your total amount of outstanding debt | Not Good |
| **Length of credit history** How long you've had credit | Very Good |
| **Amount of new credit** Amount of credit you've recently obtained or applied for | Great |

## Understanding Your FICO® Score

### What's hurting your FICO® score

The negative factors listed here are reasons why your FICO® score is not higher. You should focus on changing the behavior that caused these negative factors. These factors are listed in order of their impact to your score, the first has the greatest negative impact and the last has the least.

Please note that a negative factor can be provided even if you are better than the national average on that factor. This means that there is still some room to work on this factor.

**1** You have a serious delinquency (60 days past due or greater) or a derogatory description on your credit report.

The presence of a serious delinquency or a derogatory description is a powerful predictor of future payment risk - people with previous late payments are much more likely to pay late in the future. However, as these items age and fall off of your credit report, their impact on your FICO® Score will gradually decrease. Most late payments stay on your report for no more than seven years.

> Number of your accounts that were over 60 days late or worse:
> **2 accounts**
> Very few FICO High Achievers, about 1%, have a 60 days late payment or worse listed on their credit report.

**2** You've made heavy use of your available revolving credit.

Your FICO® Score evaluates your revolving credit balances in relation to your credit limits on those accounts. In your case, this ratio of balances to credit limits is too high.

**Keep this in mind:** This credit usage ratio is one of the most important factors to your FICO® Score, so you should work on paying down your balances. Your FICO® Score looks at your total ratio of revolving debt, and also your ratio of revolving debt on your individual credit accounts. Therefore, consolidating or moving your debt from one account to another will usually not help your FICO® Score since the same total amount is owed.

> Ratio of your revolving balances to your credit limits
> **39%**
> For FICO High Achievers, this ratio is 7%, on average

**3** You recently missed a payment or had a derogatory indicator reported on your credit report.

If you missed a payment, your FICO® Score evaluates how recently that missed payment occurred. In general, the more recent the missed payment, the more impact it has on your score. In your case, your last missed payment happened recently.

**What to do about this:** If the late payment on your credit report is valid, you should focus on continually paying all your bills on time. This will demonstrate a good payment history so that your last missed payment will have less of an impact on your score as time passes.

> Your most recent late payment happened
> **1 Year, 6 Months ago**
> Most FICO High Achievers, about 93%, have no missed payments at all. But of those who do have a missed payment, it happened nearly 4 years ago, on average.

### What's helping your FICO® score

The positive factors listed here reflect areas of your credit behavior that are helping your FICO® score. You should continue the good practices listed here. These factors are listed in order of their impact to your score – the first has the greatest positive impact and the last has the least.

**1** You have an established credit history.

Your FICO® Score measures the age of your oldest account and the average age of your accounts. Your FICO® Score was helped because you have a relatively long credit history and you haven't recently opened many new accounts.

> Your oldest account was opened
> **14 Years, 4 Months ago**
> FICO High Achievers opened their oldest account 19 years ago, on average

> Average age of your accounts
> **8 years**
> Most FICO High Achievers have an average age of accounts between 6 and 12 years.

**2** You have many accounts that are in good standing.

Your FICO® Score was helped because many of your accounts are in good standing. Your score considers the number of accounts where you are paying your bills as agreed - in your case this number is high.

> Number of your accounts currently being paid as agreed
> **9 accounts**
> FICO High Achievers have an average of 8 accounts currently being paid as agreed.

**3** You're not actively looking for credit.

You've helped your FICO® Score by not actively seeking credit. Each time you apply for credit, a credit inquiry is performed. Your credit report shows no recent credit inquiries, which indicates that you are not currently looking for credit. People who are actively seeking credit pose more of a risk to lenders than those who are not.

> Your applications for credit in the past year
> **0 inquiries**
> About 72% of FICO High Achievers did not apply for credit in the past year. Of those that did, about 20% applied for credit just once.

## Credit At-A-Glance

Now let's look at your credit report. Your credit report contains the information that a credit bureau keeps on file about you. This is the information used to determine your FICO® score. Three credit bureaus in the United States keep information on you — Equifax, Experian and TransUnion — so you have a total of three credit reports and three FICO® scores.

On the next several pages we'll look at your credit report from Equifax.

### Personal information

| Name | Donald L Warring Jr |
|---|---|
| Date of Birth | June 2, 1963 |
| Social Security Number | XXX-XX-0931 |
| Current Address | 3511 E Indigo Cir<br>Mesa AZ, 85213<br>Reported on Nov, 2013 |
| Previous Addresses | 2113 E Quartz St<br>Mesa AZ , 85213<br>Reported on Jul, 2013<br><br>80 E Rio Salado Pkwy Ste 401<br>Tempe AZ , 85281<br>Reported on Jul, 2013 |
| Previous Phone Number | |
| Employers | On Semiconductor |
| | Motorola |
| | Montrola Inc |

**Your credit report has a "fraud flag".**

Most likely, this is because you contacted Equifax with a suspicion that your credit report was being used fraudulently. When a credit report has a fraud flag, lenders follow extra precautions when granting credit based on the information in that credit report.

### Credit At-A-Glance

| Total past due | Credit history | Accounts with negative indicators |
|---|---|---|
| No accounts past due | 14 Years | 2 ▶ |

| Total balance of | |
|---|---|
| Your revolving accounts | $21,659 |
| Your mortgages | $459,732 |
| Your installment loans | $39,870 |

| Total number of | |
|---|---|
| Accounts | 35 |
| Accounts with balances | 9 |
| Accounts opened in past year | 0 |
| Recent inquiries | 0 |
| Collections | 0 |
| Public Records | 0 |

▶ = Marks an aspect of your credit that is hurting your FICO® score.

### Statements

ACCOUNT PAID IN FULL PER SHORT SALE AGREEMENT FORECLOSURE NOT STARTED NO NOTICE OF TRUSTEES SALE FILED

## Accounts

Lenders frequently report details about your credit accounts to the credit bureaus. These details typically include the type of account, when you open it, your monthly balance, if and when you missed a payment and the accounts status when you closed it.

Your FICO® score takes into account the open and closed accounts in your credit report. Click "Details" to find out more information.

## Accounts

| Company | Account number | Date opened | Balance | Status | Negative Indicator? |
|---------|----------------|-------------|---------|--------|---------------------|
| E*Trade | XXXXX8144 | 6/2006 | $0 | 90 days past due | ⚑ |
| Green Tree | | 12/2006 | $0 | Pays account as agreed | ⚑ |

## Credit Account
### E*Trade

Jul 2013

| Status as of | Jul, 2013 |
| --- | --- |
| Date opened | Jun, 2006 |
| Date of last activity | Feb, 2012 |
| Account number | XXXXX8144 |
| Largest past balance | $471,200 |
| Account Type | Installment |
| Account holder | Joint |
| Scheduled Payment Amount | $0 |
| Industry | Mortgage Companies |

| Balance | Current Status |
| --- | --- |
| $0 | 90 days past due |

**Seven year payment history**

| 30 days late | 0 times |
| --- | --- |
| 60 days late | 0 times |
| 90+ days late | 0 times |

**Descriptions**

Account paid for less than full balance
Account paid after foreclosure started

No contact information provided by Equifax

**Worst Delinquency**

| None Reported |
| --- |
| The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score |

## Credit Account
### Green Tree

Jul, 2013

| Status as of | Jul, 2013 |
| --- | --- |
| Date opened | Dec, 2006 |
| Date of last activity | Feb, 2012 |
| Largest past balance | $105,000 |
| Account Type | Installment |
| Account holder | Joint |
| Scheduled Payment Amount | $867 |
| Industry | Mortgage Companies |

| Balance | Current Status |
| --- | --- |
| $0 | Pays account as agreed |

**Seven year payment history**

| 30 days late | 1 time (Mar 2012) |
| --- | --- |
| 60 days late | 1 time (Apr 2012) |
| 90+ days late | 1 time (May 2012) |

**Descriptions**

Account paid for less than full balance
Closed or paid account / zero balance

No contact information provided by Equifax

**Recent payment history**

| 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | 2011 | | | | | | | 2012 | | | | | | | | | | | 2013 | | | |

**Legend:** Currently paid as agreed
30 days late    60 days late    90 days late

**Worst Delinquency**

| 90 days past due |
| --- |
| The Worst Delinquency reports the worst missed payment status that has been documented on this account. Your FICO® score evaluates how recently that missed payment occurred and in general, the more recent, the more impact it has on your score. However, the fact that it occurred is still predictive of future payment risk and could be considered by your FICO® score |