WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald L. Warring, et al., | No. CV-14-0098-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Green Tree Servicing LLC, et al., | |
| Defendants. | |

Defendant E*Trade Financial Corporate Services, Inc. has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 4. The motion is fully briefed. The Court will grant in part and deny in part the motion for the reasons set forth below.[1]

**I.    Background.**

Plaintiffs Donald L. Warring and Suzanne Warring obtained a loan for $471,200 from Countrywide Bank in June 2006 (the "first mortgage"). Doc. 4-1 at 2. The first mortgage was secured by a deed of trust encumbering the real property located at 2113 Quartz St., Mesa, Arizona 85213. *Id.* The first mortgage was eventually assigned to Defendant. *Id.* Also in June 2006, Plaintiffs obtained a second loan in the amount of $58,900 from Countrywide Home Loans (the "second mortgage"). *Id.* at 3. The second

---

[1] Plaintiffs' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

mortgage was refinanced in December 2006 with a balance of $105,000. The second mortgage was also secured by a deed of trust encumbering the Quarz St. property and was ultimately assigned to former defendant, Green Tree Servicing LLC ("Green Tree"). *Id.*

In May 2012, Plaintiffs received approval from both Defendant and Green Tree to sell the Quartz St. property for $339,900, which was substantially less than the amounts owed under the first and second mortgages. *Id.* As part of the agreement, Defendant received $311,499 from Plaintiffs in satisfaction of the first mortgage. Plaintiffs take issue with the manner in which Defendant has subsequently reported the first mortgage to credit reporting agencies. Specifically, Plaintiffs have asked Defendant to stop reporting the account as "90 Days Past Due" and to remove the phrases "Account paid for less than the full balance" and "Account paid after foreclosure started." Doc. 15 at 5. Plaintiffs commenced this action on December 16, 2013, alleging claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and breach of contract, and seeking a declaratory judgment that Defendant is currently reporting inaccurate information on their credit report. *See* Doc. 1-1.

**II. Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis.**

    **A. FCRA Claim.**

As an initial matter, Defendant argues that Plaintiffs' complaint relies on two irrelevant Arizona statutes. Doc. 4-1 at 6-7. Plaintiffs' complaint alleges that "[i]t is not accurate for a lender . . . to report any derogatory information to Credit Reporting Agencies, in the event of default by the borrower . . . of a non-recourse loan." Doc. 1-1, ¶ 34 (emphasis in original). Plaintiffs allege that the first mortgage "is a non-recourse loan, pursuant to A.R.S. §§ 33-814(g) and 33-729." *Id.*, ¶ 21. Defendant argues that its responsibilities are the same whether a loan is recourse or non-recourse, and that Plaintiffs' cited statutes are not applicable. Doc. 4-1 at 6. A.R.S. § 33-814(G) states that if a trust property is sold pursuant to the trustee's power of sale, "no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness[.]" Section 33-729 states that in the case of a purchase money mortgage:

> [T]he lien of judgment in an action to foreclose such mortgage shall not extend to any other property of the judgment debtor, nor may general execution be issued against the judgment debtor to enforce such judgment, and if the proceeds of the mortgaged real property sold under special execution are insufficient to satisfy the judgment, the judgment may not otherwise be satisfied out of the other property of the judgment debtor[.]

These statutes are not applicable here. Plaintiffs do not allege that their property was sold pursuant to a trustee's power of sale or that Defendant initiated any action to foreclose on the first mortgage. The Court will grant the motion to dismiss to the extent Plaintiffs' claims rely on these statutes.

Plaintiffs' reliance on these Arizona statutes, however, does not necessarily provide a basis to dismiss Plaintiffs' claim under § 1681s-2(b). That claim depends on

whether Plaintiffs have successfully alleged that Defendant reported inaccurate or incomplete information to credit reporting agencies. Defendant argues that Plaintiffs have not stated a claim under § 1681s-2(b) because they have not alleged that any information reported by Defendant was inaccurate *per se*. Doc. 4-1 at 5. Defendant contends that the short sale agreement between it and Plaintiffs "did not address how [Defendant] would report the E*Trade Loan to consumer reporting agencies," and that it was "otherwise accurate and proper for [Defendant] to report the loan as it did." *Id.* at 6. Plaintiffs allege that Defendant "knowingly and intentionally failed to note that the [Plaintiffs] dispute [Defendant's] inaccurate report[.]" Doc. 1-1, ¶ 50. Plaintiffs argue that because Defendant has failed to report their account as disputed, Defendant has reported inaccurate and incomplete information to credit reporting agencies. Doc. 15 at 7. Plaintiffs find support in *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009), where the Ninth Circuit held that "[a] disputed credit file that lacks a notation of a dispute may well be 'incomplete or inaccurate' within the meaning of the FCRA, and the furnisher has a privately enforceable obligation to correct the information after notice." *Id.* at 1164.

*Gorman* also noted that "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute[.]" *Id.* at 1163. Defendant contends that Plaintiffs' dispute is meritless because the information reported by Defendant is accurate, and *Gorman* accordingly does not salvage Plaintiffs' claim. Doc. 4-1 at 5-7. Plaintiffs respond that Defendant is reporting the first mortgage as "currently 90 days past due," which they contend is inaccurate because their payment of $311,499 was tendered in "full and final satisfaction" of the first mortgage. Doc. 15 at 7-8.

Although Defendant's citation to *Gorman* is correct, it does not provide a basis for dismissal here. Plaintiffs allege that they disputed Defendant's reporting of their account and that Defendant failed to reasonably investigate or report their dispute. This is sufficient to state a claim under § 1681s-2(b). *See Gorman*, 584 F.3d at 1163. Whether

the dispute was in fact meritless, whether Defendant's investigation was reasonable, and whether the information reported was accurate are questions for a trier of fact and are not properly considered at this stage. The Court will deny Defendant's motion to dismiss Plaintiffs' FCRA claim.

### B. Breach of Contract Claim.

Under Arizona law, a breach of contract claim requires the plaintiff to show (1) a contract, (2) a breach, and (3) damages. *Thunderbird Metallurgical, Inc. v. Ariz. Testing Lab.*, 423 P.2d 124, 126 (Ariz. 1967). Plaintiffs' allege that Defendant "agreed to report this matter to the Credit Reporting Agencies a certain way." Doc. 1-1, ¶ 57. Plaintiffs submitted with their complaint a copy of their short sale agreement with Defendant. Courts generally may not consider material outside of the pleadings in deciding a 12(b)(6) motion, but it is well settled that a district court may consider materials properly submitted as part of the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989). Defendant argues that the short sale agreement did not contain any provision addressing how Defendant would report the first mortgage to credit reporting agencies following the sale of Plaintiffs' home. Doc. 4-1 at 8. Defendant is correct. Although the agreement states that Defendant would accept the proceeds of the sale of Plaintiffs' home as "full and final satisfaction on the first mortgage indebtedness," the agreement does not contain any provision on how Defendant would report the loan after the sale. *See* Doc. 1-1 at 20-21. Thus, the Court cannot conclude that Plaintiffs have alleged facts sufficient to show either the existence of a contract on the issue of how Defendant would report the first mortgage to credit reporting agencies or a breach of the short sale agreement.

Plaintiffs also argue that Defendant's actions are "an attempt to collect a debt that has allegedly been fully and finally settled, and accordingly it is a breach of contract." Doc. 15 at 8. Plaintiffs' complaint alleges that "[Defendant's] failure to accurately report the [first mortgage] . . . to the Credit Reporting Agencies constitutes a continued effort to collect a debt that the [Defendant is] not entitled to collect," and is therefore a breach of

1 the short sale agreement. Doc. 1-1, ¶ 58. But Plaintiffs cite no authority for the proposition that reporting "Account paid for less than the full balance," "Account paid after foreclosure started," or "90 days past due" constitute efforts to collect a debt. Plaintiffs cite no other efforts by Defendant to collect any portion of the first mortgage. This allegation, without more, is not sufficient to state a claim for breach of contract. The Court will grant Defendant's motion to dismiss the breach of contract claim.[2]

### C. Declaratory Judgment.

Plaintiffs plead their declaratory judgment claim "pursuant to the provisions of A.R.S. § 12-1831, *et seq*," Arizona's Declaratory Judgments Act. Doc. 1-1, ¶ 65. Defendant argues that this state-law claim should be dismissed because a more appropriate remedy is available and because the declaratory judgment claim is preempted by the FCRA. Doc. 4-1 at 8-9. Defendant cites a number of cases holding that the FCRA preempts state statutory and common law causes of action arising out of conduct proscribed by § 1681s-2. *Id.* at 9 (citing cases).

In response, Plaintiffs request that the Court "enter a judgment that the [Plaintiffs] do not owe anything under this loan." Doc. 15 at 10. Plaintiffs' complaint, however, does not request such relief. Plaintiffs' complaint asks the Court to declare that Defendant "improperly reported and [is] continuing to report inaccurate information," (Doc. 1-1, ¶ 65), that the Court order Defendant to report the first mortgage to credit reporting agencies as "paid as agreed," (*id.*, ¶ 66), and that the Court order Defendant to "delete any reference to 'account paid for less than the full balance,' 'account paid after foreclosure started,' and/or '90 days past due,'" (*id.*, ¶ 67).

Section 1681t(b)(1)(F) of the FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State [ ] with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons

---

[2] Plaintiffs attempt to argue that Defendant has violated 15 U.S.C. § 1692(e)(2)(8) by failing to communicate that their debt is disputed. Doc. 15 at 8. Because Plaintiffs' complaint does not state any claim under § 1692, the Court need not consider this argument.

- 6 -

who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). Plaintiffs' requested declaratory relief appears to cover a subject regulated by § 1681s-2, namely the reporting of inaccurate information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2(a)(1)(A)-(B). The Court accordingly will grant Defendant's motion to dismiss. *See Keshishian v. AFNI Inc.*, No. CV 12-4204-GAF, 2012 WL 5378819, at *4 (C.D. Cal. Nov. 1, 2012) (noting that the Ninth Circuit has not yet addressed this issue and finding that "the majority of district courts have favored the total preemption approach, determining that § 1681t(b)(1)(F) totally preempts all state statutory and common law causes of action which fall within conduct proscribed under § 1681s-2.") (internal citation, quotation marks, and brackets omitted).

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 4) is **granted in part** and **denied in part** as set forth above.

Dated this 11th day of June, 2014.

_____
David G. Campbell
United States District Judge